Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
Email: jswartz@outtengolden.com
*Admitted *pro hac vice*

[Additional attorneys listed on following page]
*Attorneys for Plaintiffs and Proposed Class and Collective and Aggrieved Employees*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA MYERS and FATOUMATA BARRY YAPO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC. AND KITE PHARMA, INC.,<br><br>Defendants. | No. 3:24-cv-02668-AMO<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR FAIR LABOR STANDARDS ACT;**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE, UNFAIR COMPETITION LAW, AND PAGA;**<br><br>**CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Judge: Araceli Martínez-Olguín** |

1  Jennifer Davidson*
2  **OUTTEN & GOLDEN**
   1225 New York Avenue, NW, Suite 1200B
3  Washington, DC 20005
   Telephone: (202) 751-3272
4  Facsimile: (646) 509-2060
   Email: JDavidson@outtengolden.com
5  *Admitted *pro hac vice*
6
   *Attorneys for Plaintiffs and the Proposed Class and Collective*
7  *and Aggrieved Employees*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE,
UNFAIR COMPETITION LAW, AND PAGA

Plaintiffs Fatoumata Barry Yapo and Amelia Myers, individually and on behalf of all others similarly situated, as class and collective representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This lawsuit seeks to recover unpaid wages, liquidated damages, statutory penalties, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations, as well as the California Labor Code, California Industrial Welfare Commission Wage Order No. 9-2001 ("Wage Order 9"), the Unfair Competition Law ("UCL"), and California's Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq*.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332 (Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction), and their federal claims under the FLSA, 29 U.S.C. § 216(b).

3. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. The Court has personal jurisdiction over the corporate Defendants because each conducts substantial business activity in California and engages in the unlawful acts described herein in California.

5. Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Defendants are a private employer of Plaintiffs, Gilead Sciences Inc. is headquartered in this District, and Kite Pharma Inc. maintains a place of business in this District.

## PARTIES

***Plaintiff Amelia Myers***

6. Plaintiff Amelia Myers was employed by Defendants from approximately May 2021 to approximately August 2023 in Santa Monica, California.

7. Plaintiff Myers was employed by Defendants as a Cell Therapy Specialist. During this time period, Defendants classified Plaintiff Myers as non-exempt from overtime. In the course of her employment, Plaintiff Myers worked more than 40 hours per week.

8. Plaintiff Myers resides in Santa Monica, California.

9. Plaintiff Myers's written consent to join form is attached hereto as **Exhibit A**.

***Plaintiff Fatoumata Barry Yapo***

10. Plaintiff Fatoumata Barry Yapo was employed by Defendants from June 25, 2018 to February 2, 2024 in El Segundo, California.

11. From June 25, 2018 to November 27, 2022, Plaintiff Yapo was employed by Defendants as a Cell Therapy Specialist. During this time period, Defendants classified Plaintiff Yapo as non-exempt from overtime. In the course of her employment, Plaintiff Yapo worked more than 40 hours per week.

12. Plaintiff Yapo resides in Stevenson Ranch, California.

13. Plaintiff Yapo's written consent to join form is attached hereto as **Exhibit B**.

***Defendant Gilead Sciences, Inc.***

14. Defendant Gilead Sciences, Inc. ("Gilead") is an employer within the meaning of 38 U.S.C. § 4303(4)(A), because it "pays salary or wages for work performed" and has "control over employment opportunities" of its employees, including Plaintiffs.

15. Gilead is a domestic corporation organized and existing under the State of Delaware, and is headquartered in Foster City, California.

16. At all material times, Gilead has been an "employer," and Gilead's non-exempt workers have been its "employees," under the California Labor Code, Wage Order 9, and the FLSA.

17. During the relevant time period, Gilead had authority to hire and fire non-exempt employees.

***Defendant Kite Pharma, Inc.***

18. Kite Pharma, Inc. ("Kite Pharma") is a domestic corporation organized and existing under the State of Delaware, and is headquartered in Santa Monica, California.

19. Kite Pharma is an employer within the meaning of 38 U.S.C. § 4303(4)(A), because it "pays salary or wages for work performed" and has "control over employment opportunities" of its employees, including Plaintiffs.

20. At all material times, Kite Pharma has been an "employer," and Kite Pharma's non-exempt workers have been its "employees," under the California Labor Code, Wage Order 9, and the FLSA.

21. During the relevant time period, Kite Pharma had authority to hire and fire non-exempt employees.

***Defendants Jointly Employed Non-Exempt Employees***

22. Defendant Kite Pharma is a wholly owned subsidiary of Gilead. Upon information and belief, Gilead centrally controls key decisions, including compensation and payroll decisions, from its headquarters in Foster City, California.

23. The companies together jointly employed Plaintiffs and other non-exempt employees in furtherance of their shared business purpose of developing and selling pharmaceuticals.

24. Plaintiff Yapo's offer letter refers to Kite Pharma as a "Gilead Company" throughout.

25. Plaintiff Yapo's offer letter informs Plaintiffs that her vacation time will accrue beginning from her "first day of employment at Gilead." Additionally, Plaintiff Yapo's offer letter provides that her "employment relationship" at "Gilead Sciences" is "based on the mutual consent of the employee and the Company."

26. Plaintiffs', and upon information and belief, all non-exempt employees', compensation and benefits are all managed centrally by Gilead. For example, Plaintiffs' health, dental, vision, life insurance, long-term disability, and worker's compensation insurance plans were all offered by Gilead.

27. Plaintiff Yapo and upon information and belief, all other non-exempt employees used a Gilead platform to record and enter her time, to access compensation and benefits information, and to make other requests.

28. Plaintiff Yapo's annual Compensation Statements and other payroll and benefits documents come list only Gilead.

29. Upon information and belief, all of Kite Pharma's payroll, benefits, and human resources processes are merged with Gilead's.

30. Plaintiffs understand that compensation decisions, including employees' schedules, rates of pay, benefits, and bonuses, were centrally dictated by Gilead policies made by corporate officials in Foster City, California.

31. Plaintiff Yapo and other non-exempt employees were issued both Kite and Gilead email addresses.

32. Plaintiff Yapo's primary point of contact in human relations worked for Gilead.

33. Plaintiff Myers's primary point of contact for many of the issues impacting the terms and conditions of her employment, such as her request for disability accommodations, worked for Gilead.

34. Plaintiffs', and upon information and belief, all non-exempt employees', restricted stock unit grants were for shares of Gilead.

35. Plaintiffs and other non-exempt employees are required to abide by Gilead's confidentiality agreements.

### FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

37. Defendants employ Collective Members, including Plaintiffs, throughout the United States. Collective Members are nonexempt from overtime.

38. Plaintiffs and other FLSA Collective Members are similarly situated in that they are subject to Defendants' common compensation policy, pattern, or practice, including, without limitation, Defendants' failure to properly calculate the regular rate of pay by not including all compensation in overtime premiums, in violation of the FLSA. By the conduct described in this

Complaint, Defendants have violated the FLSA by failing to pay hourly, non-exempt employees, including Plaintiffs, the full wages they have earned and to which they are entitled by law.

39. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective Members, pursuant to 29 U.S.C. § 216(b).

40. Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

41. Defendants are a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiffs and similarly situated employees.

42. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

43. Defendants are aware or should have been aware that federal law required it to include all payments other than those specifically excluded by 29 U.S.C. 207(e) in its employees' regular rate of pay.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

45. The FLSA Collective period runs from three years prior to the date of filing pursuant to the statute of limitations in the FLSA.

46. At all relevant times, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## CALIFORNIA CLASS ACTION CLAIMS

47. Plaintiffs also bring Claims for Relief for violations of the California Labor Code, Wage Order 9, and California's Unfair Competition Law pursuant to Federal Rule of Civil Procedure 23, on behalf of all on behalf of themselves and all other similarly situated non-exempt employees working for Defendants in the state of California.

48. **Numerosity:** Upon information and belief, there are thousands of members in the proposed California Class. The proposed California Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

49. **Ascertainability:** The California Class members are readily ascertainable. The number, identity, hours worked, and compensation of the California Class members are determinable from Defendants' regular business records. For purposes of notice, Class members' names and addresses are readily available from the Defendants.

50. **Typicality:** Plaintiffs' claims are typical of those claims which could be alleged by any member of the California Class, and the relief sought is typical of the relief which would be sought by each member of the California Class in separate actions. All the California Class members were subject to the same company practices of Defendants, as alleged herein. Defendants' company-wide policies and practices affected all California Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each California Class member. Plaintiffs and other California Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

51. **Adequacy:** Plaintiffs are able to fairly and adequately protect the interests of the California Class and have no interests antagonistic to the California Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

52. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual California Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual California Class members to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs. The prosecution of separate actions by individual members of the California Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the California Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of California Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53. **Predominance of Common Questions:** There are questions of law and fact common to Plaintiffs and the California Class that predominate over any questions affecting only individual California Class members, including

    a. whether the Defendants failed to keep accurate time records for all hours worked by the California Class;

    b. Whether Defendants' policies and practices violated the UCL, California Labor Code §§ 201-203, 510, 558, 1194, 1198, and Wage Order 9;

    c. the nature and extent of Class-wide injury and the appropriate measure of damages sustained by the California Class;

    d. whether Defendants acted willfully or with reckless disregard in its failure to pay the California Class; and

    e. the nature and extent of class-wide injury and the measure of damages for those injuries.

## COMMON FACTUAL ALLEGATIONS

54. During the course of their employment with Defendants, Plaintiffs, California Class Members, and FLSA Collective Members regularly work in excess of 40 hours in each workweek but are not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each workweek.

55. The FLSA and California Labor Code require employers to pay employees who work over 40 hours per week at a rate of 1.5x their "regular rate" of pay for each hour over 40. 29 U.S.C. § 207(1)-(2); Cal. Lab. Code. § 510.

56. The California Labor Code additionally requires pay at 1.5x the regular rate for each hour worked over 8 in a workday, and pay at 2x the regular rate for each hour worked over 12 in a workday. Cal. Lab. Code. § 510.

57. Defendants provide Class Members and FLSA Collective Members with renumeration in addition to their hourly wages including but not limited to short-term and annual incentive awards, and grants of Gilead restricted stock units ("RSUs") (collectively, "supplemental renumeration").

58. Defendants' incentive awards are based on pre-defined metrics, including measurable employee performance goals and outputs, as well as based on the employee's tenure with the company. Within the set metrics, Defendants lack discretion to deny the compensation to employees who hit the targets. The incentive awards are therefore part of non-exempt employees' regular rate of pay. *See* 29 C.F.R. § 778.211; Division of Labor Standards Enforcement ("DLSE") Manual § 49.

59. Defendants' annual RSU grants are non-discretionary and based primarily on retention with the company. Gilead assigns a monetary value for its RSU grants – essentially, a set dollar amount, akin to a bonus – then retroactively determines the number of shares necessary to achieve that value.

60. RSU grants are automatic and require no action or monetary contribution from the employees. Vesting is tied exclusively to retention at the company. Accordingly, Gilead's RSU programs do not qualify as a "stock option, stock appreciation right, or bona fide employee stock purchase program" that can be excludable pursuant to 29 C.F.R. § 778.200(a)(8).

61. None of the forms of supplemental renumeration Plaintiffs and other non-exempt employees receive fall under any of the other limited categories specifically excluded from the regular rate of pay by 29 U.S.C. 207(e) or California Labor Code.

62. Upon information and belief, Defendants have, through the present, have failed to include the value of supplemental renumeration in the calculations of Class Members' and FLSA Collective Members' "regular rates," as defined by the FLSA and California Labor Code (the "Regular Rate") for purposes of computing overtime amounts owed.

63. Upon information and belief, Defendants' practice of excluding all forms of renumeration from the Regular Rate does not vary across locations or job titles across Defendants throughout the United States.

64. Pursuant to a common policy, pattern or practice, Defendants treat Plaintiffs, Class Members, and FLSA Collective Members similarly with respect to the violations claimed and fails to pay them overtime wages at the correct rate of pay, in violation of the FLSA and California law.

65. At all relevant times, Defendants maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

66. Defendants' violations are continuing and ongoing.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FLSA, 29 U.S.C. §§ 201, et seq.**
**Brought by Plaintiffs Individually and on Behalf of the FLSA Collective**

67. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

68. Plaintiffs bring this claim for violations of the FLSA's overtime provisions on behalf of themselves and the FLSA Collective Members.

69. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

70. Plaintiffs and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their FLSA Regular Rate for all hours worked in excess of forty hours per workweek.

71. Defendants miscalculated and underpaid the overtime compensation it paid to Plaintiffs and the FLSA Collective Members by excluding supplemental renumeration from the calculation of their "regular rates."

72. By engaging in that practice, Defendants violated the FLSA and regulations thereunder that have the force and effect of law.

73. 29 U.S.C. § 216(b) entitles Plaintiffs and the FLSA Collective Members to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."

74. Section 216(b) further entitles Plaintiffs and the FLSA Collective Members to reasonable attorney's fee to be paid by the defendants, and costs of the action.

## SECOND CAUSE OF ACTION
### Unfair Business Practices, Cal. Bus. & Prof. Code § 17200
### Brought by Plaintiffs Individually and on Behalf of the California Class

75. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

76. At all relevant times, Defendants have been employers, and Plaintiffs and Class members were, are, or will be employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

77. California Labor Code §§ 510, 1194, 1198, and Wage Order 9 provide for compensation with overtime pay based on the Regular Rate of Pay for time worked over eight hours in a day or 40 hours in a week.

78. California Labor Code §§ 201-202 requires Defendants to timely pay wages due, including all overtime pay, to Plaintiffs and separated Class members upon termination of employment.

79. California Labor Code §§ 226, 353, 1174 and Wage Order 9 provide requirements for properly itemized wage statements.

80. Defendants' conduct, as alleged, violates the UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*, which prohibits, inter alia, unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices. Plaintiffs bring this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

81. By failing to pay non-exempt employees' full overtime and failing to timely pay

wages upon termination of employment, Defendants committed unlawful and unfair acts as defined by the UCL.

82. Defendants' practices, as alleged, constitute unlawful acts because such acts violate the California Labor Code sections and Wage Order 9 as detailed above.

83. Defendants' practices, as alleged, also constitute unfair acts because such acts are contrary to public policy.

84. As a result of these unlawful and/or unfair business practices, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiffs and Class members. Defendants must disgorge these ill-gotten gains and restore to Plaintiffs and Class members all overtime and other wages owed. Defendants' actions deprived Plaintiffs and each member of the Class of their expenses and full pay; consequently, Plaintiffs and members of the Class have lost money and property, and they are entitled to restitution in the amount of their expenses and pay that Defendants withheld. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and Class members are entitled to payment of their attorneys' fees, costs, and expenses incurred in bringing this action.

**THIRD CAUSE OF ACTION**
**Overtime Claim, Cal. Labor Code §§ 510, 1194, 1198 & Wage Order No. 9**
**Brought by Plaintiffs Individually and On Behalf of the Class**

85. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

86. At all relevant times, Defendants have been employers, and Plaintiffs and Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

87. The foregoing conduct, as alleged, constitutes violations of California Labor Code §§ 510, 1194, 1198, and Wage Order 9, which require overtime pay for time worked over eight hours in a day or over 40 hours in a week.

88. Although Plaintiffs and an identifiable portion of Class members regularly worked more than eight and twelve hours in a day or 40 hours in a week, Defendants have a policy and practice of failing and refusing to include all forms of additional renumeration in their Regular Rate

of Pay for overtime purposes and thus violated and continue to violate the above-referenced overtime provisions of the Labor Code and Wage Order 9.

89. Plaintiffs, on behalf of themselves and Class members, seek the amount of the respective unpaid wages owed them, interest, attorneys' fees and costs pursuant to Cal. Labor Code § 1194 and Wage Order 9, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**Timely Wage Payment Due upon Termination Claim,**
**Cal. Labor Code §§ 201, 202 & 203**
**Brought by Plaintiffs Individually and on Behalf of the Class**

90. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

91. California Labor Code sections 201 and 202 require Defendants to pay their employees all wages due upon termination within the time specified by law. California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

92. Plaintiffs and all Class members who ceased employment with Defendants are entitled to unpaid compensation, including all overtime compensation, but to date have not received such compensation.

93. More than thirty days have passed since Plaintiffs and certain Class members left Defendants' employ.

94. Plaintiffs, on behalf of themselves and the Class members, seek waiting time penalties pursuant to Section 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**Wage Statement Claim**
**Cal. Labor Code §§ 226(a), 226(d), 226.3, 1174(d), and 1174.5 and Wage Order 9**
**Brought by Plaintiffs Individually and on Behalf of the Class**

95. Plaintiffs, on behalf of themselves and all members of the Class, reallege and

incorporate by reference all other paragraphs as if they were set forth again herein.

96. At all relevant times, Defendants have been employers, and Plaintiffs and Class members were employees under California law entitled to the protections of the California Labor Code and Wage Order 9.

97. The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 226 and Wage Order 9, which provide requirements for properly itemized wage statements.

98. Defendants' wage statements do not clearly itemize an accurate overtime rate, adjustments to overtime based on supplemental renumeration, or earnings in a way that Plaintiffs and Class members can readily identify whether they received all applicable pay for which they were eligible. Defendants thus violated and continue to violate California Labor Code § 226 and Wage Order 9.

99. Plaintiffs, on behalf of themselves and Class members, seek to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq.**
**(Brought by Plaintiff Myers Individually and on Behalf of the State of California and the Aggrieved Employees)**

100. Plaintiff Myers, on behalf of herself, the State of California, and all Aggrieved Employees, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

101. Plaintiff Myers is an Aggrieved Employee under PAGA, as she was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, she seeks to recover on behalf of the State of California and all other current and former Aggrieved Employees of Defendants who worked during the statutory period, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

102. Plaintiff Myers provided written notice to the LWDA by online filing and to

Defendants via certified mail of the legal claims and theories of their claims in this case on May 3, 2024. The LWDA did not respond to the letter.

103. Plaintiff Myers seeks civil penalties pursuant to PAGA for violations of the following California Labor Code provisions:

    a. Failure to pay overtime compensation for all hours worked over 40 in a workweek and/or over eight hours in a workday in violation of Cal. Lab. Code §§ 510, 1194, and 1198, and Wage Order Nos. 4-2001 and 7-2001;

    b. Failure to timely pay wages due during employment and upon separation in violation of Cal. Lab. Code §§ 201, 202, 203, and 204; and

    c. Failure to provide legally sufficient wage statements or keep proper payroll records in violation of Cal. Lab. Code §§ 226 and 1174 and Wage Order Nos. 4-2001 and 7-2001.

104. Plaintiff Myers, on behalf of the State of California and the Aggrieved Employees, is entitled to civil penalties to be paid by Defendants and allocated as PAGA requires, pursuant to Cal. Lab. Code § 2699(a), for Defendants' violations of the Cal. Lab. Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law. Further, Plaintiff Myers, on behalf of the State of California and the Aggrieved Employees, is entitled to civil penalties, to be paid by Defendants and allocated as PAGA requires, pursuant to Cal. Lab. Code § 2699(f) for Defendants' violations of the Cal. Lab. Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

105. Under PAGA, Plaintiff Myers is entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Lab. Code that are alleged in this Complaint, including but not limited to penalties pursuant to Labor Code §§ 210, 218.5, 226.3, 256, 558, 1174.5, 1197.1, and 2699, and Wage Order Nos. 4-2001 and 7-2001.

106. Plaintiff Myers, on behalf of the State of California and the Aggrieved Employees, also requests further relief as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and behalf of the California Class and FLSA Collective, pray that judgment be entered against Defendants and respectfully request that this Court award the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this class and collective action, or that the Court issue such notice, to all members of the California Class and FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the California Labor Code;

D. Civil penalties provided, per violation, under the California Private Attorneys General Act, California Labor Code §§ 2698, et seq.

E. Certification of this case as a class action pursuant to Federal Rule of Civil Procedure 23;

F. Designation of Plaintiffs as Class Representatives for the class they seek to represent and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

H. Pre-judgment interest and post-judgment interest as provided by law;

I. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

J. Statutory penalties;

K. An award of damages and restitution to be paid by Defendants according to proof;

L. Attorneys' fees and costs of the action pursuant to the FLSA, Labor Code §§ 218.5, 226(e), 1194, 2802, Code of Civil Procedure § 1021.5, and all other bases for fees in the Labor Code and Wage Order 9;

M. A reasonable incentive award for Plaintiffs to compensate them for the time and effort they spent protecting the interests of other similarly situated employees, and the risks they have undertaken in doing so; and

N. Such other and further relief as the Court deems proper, just and/or equitable.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiffs demand a trial by jury for all causes of action and issues for which trial by jury is available.

Dated: October 11, 2024                    Respectfully submitted,

By: _____
Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

*Attorneys for Plaintiffs and Proposed Class and Collective Members and Aggrieved Employees*