GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
 TEvangelis@gibsondunn.com
CYNTHIA CHEN MCTERNAN, SBN 309515
 CMcTernan@gibsondunn.com
TIAUNIA HENRY, SBN 254323
 THenry@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
MEGAN COONEY, SBN 295174
 MCooney@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

GIBSON, DUNN & CRUTCHER LLP
GRETA B. WILLIAMS, SBN 267695
 GBWilliams@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendants GILEAD SCIENCES, INC. and KITE PHARMA, INC.*

OUTTEN & GOLDEN LLP
JAHAN C. SAGAFI, SBN 224887
 jsagafi@outtengolden.com
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415.638.8800
Facsimile: 415.638.8810

OUTTEN & GOLDEN LLP
JUSTIN M. SWARTZ
 jswartz@outtengolden.com
658 Third Avenue, 25th Floor
New York, NY 10017
Telephone: 212.245.1000
Facsimile: 646.509.2060

*Attorneys for Plaintiffs, Proposed Collective Members, Proposed Class Members, Aggrieved Employees, and the State of California*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMELIA MYERS and FATOUMATA BARRY YAPO, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>GILEAD SCIENCES, INC. and KITE PHARMA, INC.,<br><br>   Defendants. | Case No. 3:24-cv-02668-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Action Filed: May 3, 2024 |

The Parties jointly submit this Joint Case Management Statement and Proposed Order pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

Plaintiffs allege that Court has jurisdiction over their federal claims brought under the under the FLSA, 29 U.S.C. § 216(b).  Plaintiffs also allege that the Court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1332 (Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Plaintiffs allege that venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Defendants are a private employer of Plaintiffs, Gilead Sciences Inc. is headquartered in this District, and Kite Pharma Inc. maintains a place of business in this District.  While Defendants dispute Plaintiffs' allegations, including their incorrect allegation that Kite maintains a place of business in this District, they do not contest that venue is proper under 28 U.S.C. 1391.

Defendants were served on May 8, 2024 via service to individuals designated by law to receive service on their behalf.  No other parties remain to be served.

2. **Facts**

Plaintiffs Amelia Myers and Fatoumata Barry Yapo were both formerly employed by Kite as Cell Therapy Specialists in El Segundo, California.  Myers alleges she was employed from approximately May 2021 to August 2023, and was classified as an hourly, non-exempt employee for that entire period.  Yapo alleges she was employed from June 25, 2018 to February 2, 2024, and was classified as non-exempt until November 27, 2022.  On May 3, 2024, Plaintiffs filed this lawsuit on behalf of themselves, proposed Collective Members, and proposed Class Members, asserting five causes of action: (1) failure to pay overtime under the Fair Labor Standards Act ("FLSA"); (2) violation of the California Unfair Competition Law ("UCL") based on unpaid overtime, wage statement, and waiting time theories; (3) failure to pay overtime in violation of California Labor Code sections 510, 1194, and 1198 and California Wage Order No. 9; (4) failure to timely pay earned and unpaid wages under Labor Code sections 201, 202, and 203; and (5) failure to provide accurate itemized wage statements in violation of Labor Code sections 226(a), 226(d), 226.3, 1174(d), and 1174.5, and California Wage Order No. 9.  On October 25, 2024, Plaintiffs filed a First Amended Complaint in

which Myers asserts a sixth cause of action on behalf of themselves, Aggrieved Employees, and the State of California, under the California Private Attorneys General Act ("PAGA"). Defendants deny Plaintiffs' allegations in full and deny that they failed to pay appropriate overtime wages to Myers, Yapo, or to any putative collective or class member.

3. **Legal Issues**

The Parties identify the following legal issues to be resolved in this case.

1. Whether Plaintiffs have stated a claim upon which relief can be granted, as outlined in the Parties' briefing on Defendants' pending motion to dismiss (ECF Nos. 27, 28, 28-1, 32, 34, 34-1, 34-2).

2. Whether the action should be stayed based on the overlap with an earlier-filed action, *Herman Pappoe v. Kite Pharma, Inc., et al.*, No. 24STCV02259 (L.A. Super. Ct.), as outlined in the Parties' briefing on Defendants' pending motion to stay (ECF Nos. 27, 28, 28-1, 32, 34, 34-1, 34-2).

3. Whether the value of "incentive awards" are properly included or excluded from a non-exempt Gilead employee's or non-exempt Kite employee's regular rate of pay under 29 U.S.C. § 207(e) and California Labor Code sections §§ 510, 1194, 1198.

4. Whether the value of Gilead shares underlying vested RSUs are properly included or excluded from a non-exempt Gilead employee's or non-exempt Kite employee's regular rate of pay under 29 U.S.C. § 207(e) and California Labor Code sections §§ 510, 1194, 1198.

5. Whether Defendants' alleged conduct was willful, to warrant the three-year statute of limitations under the FLSA, liquidated damages under the FLSA, or any derivative penalties available under California Labor Code sections 203 and 226, or whether Defendants acted in good faith, thereby warranting a two-year statute of limitations under the FLSA and reduction in penalties under PAGA.

6. Whether Plaintiffs and those they seek to represent are similarly situated such that a collective should be conditionally certified and notice should be sent out pursuant to the FLSA.

7. Whether, if conditional certification is granted, the collective should be decertified.

8. Whether a California class should be certified under Rule 23.

9. Whether Gilead is a joint employer of Kite employees.

The Parties acknowledge and agree that the scope of legal issues may change as the case progresses. For instance, if Defendants' pending motion to dismiss and/or stay is denied and Defendants are ordered to answer the First Amended Complaint, additional legal issues will arise.

4. **Motions**

On June 5, 2024, Plaintiffs filed a motion for conditional certification pursuant to the FLSA. (ECF No. 22.) On June 21, 2024, Defendants moved to dismiss Plaintiffs' operative complaint in full and to stay any surviving claims pending final resolution of a separate earlier-filed putative California class action—*Herman Pappoe v. Kite Pharma, Inc., et al.*, No. 24STCV02259 (L.A. Super. Ct.)—which is currently pending in Los Angeles Superior Court. (ECF No. 27.)[1] Both motions are fully briefed and scheduled to be heard on December 19, 2024. (ECF No. 148.) Defendants have requested that the Court decide Defendants' motion to dismiss and/or stay first, and Plaintiffs have represented that they do not object to this request. (ECF No. 33.)

5. **Amendment of Pleadings**

Defendants moved to dismiss all of Plaintiffs' claims and thus have not answered the First Amended Complaint. (ECF No. 27.) Plaintiffs have requested leave to amend their First Amended Complaint if the Court grants Defendants' pending motion. (ECF No. 32.) Defendants oppose that request. (ECF No. 34.)

6. **Evidence Preservation**

The Parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that they are complying with their preservation obligations under the Federal Rules. The Parties further certify that they have conferred about the Case Management Statement.

---

[1] The Court ordered that Defendants' pending motion to dismiss and/or stay is effective as to the First Amended Complaint. (ECF No. 40.)

  a. <u>Plaintiffs' Statement</u>

Federal Rule of Civil Procedure 26(f) and this Court's Local Rules require the parties to conduct a full meet and confer regarding a discovery plan and other issues "as soon as practicable," and at least 21 days before the Court's scheduling conference, regardless of whether a motion to dismiss or stay is pending. *See, e.g.*, *Meta Platforms, Inc. v. Voyager Labs Ltd.*, No. 23-civ-00154-AMO, 2023 U.S. Dist. LEXIS 129511, at *6 (N.D. Cal. July 26, 2023) ("The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process"). Plaintiffs invited Defendants to confer over a discovery plan and other topics mandated by Rule 26(f) numerous times, but Defendants have refused to meaningfully confer over any topics related to discovery.

  b. <u>Defendants' Statement</u>

Because Defendants have moved to dismiss and/or stay the entire case (including discovery), it is otherwise premature for the Parties to meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See, e.g.*, *Vineyard Investigations v. E. & J. Gallo Winery*, 2020 WL 7342632 (E.D. Cal. Dec. 14, 2020) (denying plaintiffs' motion to compel 26(f) conference because the scheduling conference was continued "in light of the pending motion to dismiss" and thus "[p]laintiff's efforts to conduct the Rule 26(f) conference, and thereby pursue discovery, are premature"); *Azco Biotech Inc. v. Qiagen, N.V.*, 2013 WL 3283841, at *2 (S.D. Cal. June 26, 2013) (holding the court is not "required to set a Rule 26(f) conference deadline or issue a scheduling order" and doing so would not be "appropriate at this time given the pending motion to dismiss" because it is "inappropriate to require all Defendants to spend costs and resources to exchange initial disclosures" while "the scope of its initial disclosure obligations is dependent on the Court's resolution of the motion to dismiss"); *In re Morning Song Bird Food Litig.*, No. 12CV1592 JAH (RBB), 2013 WL 12143948, at *2-3 (S.D. Cal. Apr. 3, 2013) (overruling objections to magistrate judge's order denying Motion to Compel Rule 26(f) conference based in part on motion to dismiss that was filed after motion to compel Rule 26(f) conference was filed).

Plaintiffs' own cited case confirms that discovery should not proceed here. In deciding whether to stay discovery pending a motion to dismiss, the court explained: "courts in this district analyze two prongs: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the

4

pending motion can be decided absent additional discovery. . . . If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Meta Platforms, Inc. v. Voyager Labs LTD.*, No. 23-CV-00154-AMO, 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023). Both prongs are met here—Defendants' pending motion to dismiss is potentially dispositive of the entire case and can be decided absent additional discovery.

Nevertheless, at Plaintiffs' request, counsel for both parties met and conferred on December 9, 2024. Counsel for Defendants invited counsel for Plaintiffs to raise any topics they believe are "mandated by Rule 26(f)," noting that they believed it was premature to discuss a discovery schedule or plan. Counsel for Defendants explained that while Defendants' motion to dismiss and/or stay is pending, the parties do not yet know which claims (if any) will proceed to discovery. Counsel for the parties then walked through and discussed the topics in this Case Management Statement. Defendants have complied with their obligations under the Federal and Local Rules.

7. **Disclosures**

   a. Plaintiffs' Statement

   As explained above, Plaintiffs believe that, consistent with Rule 26(a)(1), the Parties should hold the full 26(f) conference then exchange initial disclosures within two weeks.

   b. Defendants' Statement

   All discovery, including Rule 26(a)(1) initial disclosures, is premature while Defendants' motion to dismiss and/or stay the case is pending. *See, e.g.*, *Zavala v. Kruse-W., Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) ("Where, as here, the operative complaint is challenged by motion practice, 'delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources.'").

8. **Discovery**

   No discovery has taken place in light of Defendants' position that it is premature in light of the pending motion to dismiss and/or stay all claims asserted in this case. *See Calvary Chapel San Jose v. Cody*, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021) (holding discovery should be stayed where, as here, the pending motion to dismiss would be "potentially dispositive of the entire case" and "can

5

be decided absent discovery"). Defendants believe that commencing discovery while Defendants' motion to dismiss and/or stay is pending would create "undue burden, expense, and discovery disputes" and would "undermine judicial efficiency." *United States v. Dynamic Med. Sys., LLC*, 2020 WL 3035219, at *6 (E.D. Cal. June 5, 2020). "[B]efore embarking on such discovery, it would benefit the Parties and the Court to know what claims are at issue." *Pereda v. Gen. Motors LLC*, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022).

As a courtesy, to minimize the dispute, Plaintiffs have agreed to defer propounding discovery requests prior to the Court either making a determination on the commencement of discovery or resolving Defendants' motion to stay.

9. **Class Actions**

Plaintiffs filed a putative FLSA collective action and Rule 23 class action under California state law. To date, Plaintiffs Myers and Yapo have filed consent forms to join the FLSA collective. .

Plaintiffs intend to seek certification of one or more California law claims under Rule 23(b)(2) and (b)(3) on behalf of all non-exempt employees who received RSUs and/or incentive awards and who worked overtime from May 3, 2020. Defendants intend to oppose any such motion.

a. Plaintiffs' Statement

Pursuant to Local Rule 16-9(b) relating to class actions, Plaintiffs provide the following additional information:

Numerosity is readily satisfied. Defendants have employed, in the aggregate, more than 40 non-exempt employees in California since May 3, 2020.

Plaintiffs' claims are typical because Plaintiffs and the California Class Members were employed by Defendants, received RSUs and/or incentive compensation, were classified as non-exempt from overtime, and worked overtime.

Plaintiffs are adequate class representatives because their claims are typical of the class members, and they have the same interests in the litigation of this case as the California Class Members. Plaintiffs are committed to the vigorous prosecution of this case, and have retained competent counsel, experienced in litigating complex discrimination and wage and hour class actions of this nature.

Class certification is proper under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to each Class Member. All Class Members were subject to the same unlawful failure to pay all overtime wages owed. Additionally, Rule 23(b)(3) certification is appropriate because common questions of fact and law predominate over individual questions, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Given that all Class Members were subject to the same key compensation practices as it relates to the regular rate of pay, Plaintiffs and the Class Members will rely on common evidence to resolve their legal and factual questions. In addition, the appropriate amounts of damages, penalties, and interest to be awarded to the Class Members can most efficiently be determined on a class-wide basis. Class-wide adjudication is also superior to hundreds of individual actions, because the amount of money recoverable by any one class member is relatively small, such that class members cannot realistically hope to retain counsel to pursue these claims individually, and even if they could, it might not be economically rational for any given individual to spend the time (e.g., participating in discovery) and expose themselves to the risk of retaliation or future negative treatment by other employers to recover a modest amount of money. Concentrating class claims in this forum is also the most fair and efficient way to provide relief to the class members and final resolution for Defendants.

b. Defendants' Statement

Defendants disagree that class or collective treatment of Plaintiffs' allegations is appropriate. Plaintiffs' bare conclusions that the Rule 23 requirements will be satisfied are not based on any facts or information. If the case proceeds to discovery, Plaintiffs will need to prove each of the Rule 23 requirements are actually satisfied. For many of the reasons outlined in Defendants' opposition to the motion for conditional certification, and others to be revealed in discovery, Defendants are confident that Plaintiffs will not carry their rigorous burden of proof.

10. **Related Cases**

Counsel for each party is unaware of any related cases or proceedings pending before another judge of this court. Defendants identified *Pappoe* pending in the California Superior Court for Los Angeles County in its motion to stay, (ECF Nos. 27, 28, 28-1, 32, 34, 34-1, 34-2), and intends to file a Notice of Pendency of Other Action or Proceeding.

11. **Relief**

   a. Plaintiffs' Statement

As outlined more fully in the First Amended Complaint (ECF No. 42), Plaintiffs are seeking to give Class and Collective members notice of this action, class certification, unpaid overtime pay and an additional and equal amount as liquidated damages, civil penalties under PAGA, designation of Plaintiffs as Class Representatives, declaratory judgment that the practices complained about are unlawful, prejudgment interest and post-judgment interest. appropriate equitable and injunctive relief to remedy violations, statutory penalties, damages and restitution, attorneys' fees and costs of the action, a service award for Plaintiffs, and such other and further relief as the Court deems proper, just and/or equitable.

   b. Defendants' Statement

Defendants are not seeking damages or other relief and maintain that Plaintiffs and the individuals they seek to represent are not entitled to relief of any kind.  Should Defendants prevail in this action, they reserve the right to seek all appropriate remedies, including costs of suit.

12. **Settlement and ADR**

The Parties have complied with ADR Local Rule 3-5(a) and (b), and Certification as required therein has been filed by the Parties. (ECF Nos. 46 and 47.)  The Parties have discussed the possibility of early resolution, and both Parties prefer private mediation as the ADR process for this case.

   a. Plaintiffs' Statement

Plaintiffs' position is that mediation was appropriate before Defendants filed their motion, consistent with the fact that Plaintiffs proposed mediation before they filed this lawsuit.  Plaintiffs continue to believe that mediation is appropriate, including while the Parties' motions are pending.

   b. Defendants' Statement

 Until there is a ruling on Defendants' motion to dismiss and/or stay, it would be premature to discuss any potential mediation.

13. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

    a. Plaintiffs' Statement

    Plaintiffs believe that are basic legal and factual issues that can be narrowed through a productive mediation session.

    b. Defendants' Statement

    At this time, the key issues consequential to this case can be narrowed only through resolution of Defendants' pending motion to dismiss.

15. **Expedited Trial Procedure**

    This case is not suitable for the Expedited Trial Procedure of General Order 64.

16. **Scheduling**

    a. Plaintiffs' Statement

    Plaintiffs believe that discovery will be straightforward and relatively limited, assuming Defendants comply with their obligations. Plaintiffs propose six months for fact discovery, beginning once the Court enters a scheduling order following the Case Management Conference. Defendants did not agree to confer on a discovery schedule.

    b. Defendants' Statement

    The Parties agree that setting a case schedule is premature and impractical while Defendants' motion to dismiss and/or stay remains pending and it is unclear which claims (if any) will proceed to discovery. If Defendants' motion to dismiss and/or stay is not granted in full, Defendants agree to confer pursuant to Rule 26(f) with 45 days of the Court's order on that motion and propose a case schedule.

17. **Trial**

    Plaintiffs and Defendants reserve their right to a jury trial on all claims triable by jury.

18. **Disclosure of Non-Party Interested Entities or Persons**

    Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The Parties are unaware of other interested entities or persons other than any identified in the Parties' certifications.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: December 12, 2024                     GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Theane Evangelis
     Theane Evangelis

*Attorneys for Defendants GILEAD SCIENCES, INC. and KITE PHARMA, INC.*

Dated: December 12, 2024                     OUTTEN & GOLDEN LLP

By:  /s/ Jahan C. Sagafi
     Jahan C. Sagafi

*Attorneys for Plaintiffs, Proposed Collective Members, Proposed Class Members, Aggrieved Employees, and the State of California*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  [*In addition, the Court makes the further orders stated below:*]

IT IS SO ORDERED.

DATED: _____, 2024

_____
Araceli Martinez-Olguin
United States District Judge

**ECF SIGNATURE ATTESTATION**

In accordance with Civil Local Rule 5-1, the filer of this document hereby attests under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories hereto.

Dated: December 12, 2024                    GIBSON, DUNN & CRUTCHER LLP


                                            By:  */s/ Theane Evangelis*
                                                 Theane Evangelis